RECORD NO. 12-2272

In The

# United States Court of Appeals
## For The Fourth Circuit

**COLON HEALTH CENTERS OF AMERICA, LLC; WASHINGTON IMAGING ASSOCIATES-MARYLAND, LLC, d/b/a Progressive Radiology,**

*Plaintiffs – Appellants*,

**v.**

**BILL HAZEL, in his official capacity as Secretary of Health and Human Resources; BRUCE EDWARDS, in his official capacity as Chairman of the Virginia State Board of Health; PAUL CLEMENTS, in his official capacity as member of the Virginia State Board of Health; KAY R. CURLING, in her official capacity as member of the Virginia State Board of Health; ERIC DEATON, in his official capacity as member of the Virginia State Board of Health; JOHN DETRIQUET, in his official capacity as member of the Virginia State Board of Health; JAMES E. EDMONDSON, JR., in his official capacity as member of the Virginia State Board of Health; STEVEN R. ESCOBAR, in his official capacity as member of the Virginia State Board of Health; H. ANNA JENG, in her official capacity as member of the Virginia State Board of Health; CHARLES K. JOHNSON, in his official capacity as member of the Virginia State Board of Health; BENNIE MARSHALL, in his official capacity as member of the Virginia State Board of Health; MARY MCCLUSKEY, in her official capacity as member of the Virginia State Board of Health; M. CATHERINE SLUSHER, in her official capacity as member of the Virginia State Board of Health; GAIL TAYLOR, in her official capacity as member of the Virginia State Board of Health; AMY VEST, in her official capacity as member of the Virginia State Board of Health; ERIC O. BODIN, in his official capacity as Acting Director of the Office of Licensure and Certification and Director of the Division of Certificate of Public Need; MAUREEN DEMPSEY, in her official capacity as State Health Commissioner; JOHN W. SEEDS, in his official capacity as member of the Virginia State Board of Health,**

*Defendants – Appellees*.

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA AT ALEXANDRIA

_____

## REPLY BRIEF OF APPELLANTS

_____

Robert J. McNamara
William H. Mellor
Lawrence Salzman
Darpana M. Sheth
INSTITUTE FOR JUSTICE
901 North Glebe Road, Suite 900
Arlington, Virginia  22203
(703) 682-9320

*Counsel for Appellants*

# **TABLE OF CONTENTS**

**Page**

TABLE OF AUTHORITIES ................................................................ ii

INTRODUCTION ........................................................................... 1

ARGUMENT .................................................................................. 1

    I.    THIS COURT SHOULD REJECT VIRGINIA'S INVITATION TO IMPOSE A HEIGHTENED PLEADING STANDARD ON CONSTITUTIONAL CLAIMS ................................................................................. 3

    II.    PLAINTIFFS ALLEGE PLAUSIBLE CLAIMS UNDER THE DORMANT COMMERCE CLAUSE ................................................................ 6

        A.    Virginia's Explanation of *Pike* Balancing Cannot Be Squared with Controlling Precedent ........................................... 7

        B.    The Certificate-of-Need Program Benefits Established In-State Businesses at the Expense of Out-of-State Businesses ............................................................................. 12

    III.    PLAINTIFFS STATE PLAUSIBLE RATIONAL-BASIS CLAIMS UNDER THE FOURTEENTH AMENDMENT ......................................... 17

        A.    Virginia's Brief Simply Asserts That Plaintiffs Are Not Similarly Situated to People Engaged in "Nuclear Cardiac Imaging" ................................................................... 17

        B.    Rational-Basis Plaintiffs Are Allowed To Adduce Evidence ............................................................................. 18

CONCLUSION ............................................................................... 21

CERTIFICATE OF COMPLIANCE

CERTIFICATE OF FILING AND SERVICE

i

# <u>TABLE OF AUTHORITIES</u>

<u>Page(s)</u>

<u>CASES</u>

*Am. Trucking Ass'ns. v. Scheiner*,
    483 U.S. 266 (1987)...................................................................14

*Armour v. City of Indianapolis*,
    132 S. Ct. 2073 (2012)..............................................................19

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009)................................................................3, 4

*Bell Atl. Corp. v. Twombly*,
    550 U.S. 544 (2007)................................................................3, 4

*Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth.*,
    476 U.S. 573 (1986)....................................................................9

*Carolina Trucks & Equip., Inc. v. Volvo Trucks of N. Am., Inc.*,
    492 F.3d 484 (4th Cir. 2007) ......................................................9

*Conley v. Gibson*,
    355 U.S. 41 (1957)........................................................................3

*Dep't of Revenue of Ky. v. Davis*,
    553 U.S. 328 (2008)....................................................8, 9, 10, 11

*Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Natural Res.*,
    504 U.S. 353 (1992)....................................................................9

*Fresenius Med. Care Holdings, Inc. v. Tucker*,
    704 F.3d 935 (11th Cir. 2013) .............................................16, 19

*Jones v. Bock*,
    549 U.S. 199 (2007).....................................................................5

*Leatherman v.*
*Tarrant Cnty. Narcotics Intelligence and Coordination Unit*,
   507 U.S. 163 (1993)............................................................................5

*Loesel v. City of Frankenmuth*,
   692 F.3d 452 (6th Cir. 2012) .......................................................18

*Medigen of Ky. v. Pub. Serv. Comm'n*,
   985 F.2d 164 (4th Cir. 1993) ................................................. 10-11

*Minnesota v. Clover Leaf Creamery*,
   449 U.S. 456 (1981)........................................................................20

*N.Y.C. Transit Auth. v. Beazer*,
   440 U.S. 568 (1979)........................................................................20

*Nw. Cent. Pipeline Corp. v. State Corp. Comm'n*,
   489 U.S. 493 (1989)........................................................................10

*Pike v. Bruce Church*, *Inc.*,
   397 U.S. 137 (1970)................................................................*passim*

*Plyler v. Doe*,
   457 U.S. 202 (1982)........................................................................20

*St. Joseph Abbey v. Castille*,
   835 F. Supp. 2d 149 (E.D. La. 2011), *aff'd*,
   No. 11-30756,
   2013 U.S. App. LEXIS 5701 (5th Cir. Mar. 20, 2013) ................20

*Star Scientific, Inc. v. Beales*,
   278 F.3d 339 (4th Cir. 2002) .........................................................2

*Swierkiewicz v. Sorema N.A.*,
   534 U.S. 506 (2002)..........................................................................5

*Tobey v. Jones*,
   706 F.3d 379 (4th Cir. 2013) .......................................................16

*United Haulers Ass'n v.*
*Oneida-Herkimer Solid Waste Mgmt. Auth.*,
    50 U.S. 330 (2007) ...................................................................................10

*W. Lynn Creamery v. Healy*,
    512 U.S. 186 (1994) ...................................................................................16

*Walgreen Co. v. Rullan*,
    405 F.3d 50 (1st Cir. 2005) ......................................................................16

*Willis v. Town of Marshall*,
    426 F.3d 251 (4th Cir. 2005) ....................................................................18

*Yamaha Motor Corp. v. Jim's Motorcycle, Inc.*,
    401 F.3d 560 (4th Cir. 2005) ..............................................................10, 11

## CONSTITUTIONAL PROVISION

U.S. CONST. amend. XIV ...............................................................................2, 17

## STATUTES

42 U.S.C. § 1983 ......................................................................................1, 2, 5

Va. Code § 32.1-102.1 ....................................................................................13

## RULES

Fed. R. Civ. P. 8 ...................................................................................2, 3, 5, 8

Fed. R. Civ. P. 8(a)(2) .......................................................................................3

Fed. R. Civ. P. 9 ................................................................................................5

Fed. R. Civ. P. 9(b) ...........................................................................................5

Fed. R. Civ. P. 12 ............................................................................................20

Fed. R. Civ. P. 12(b)(6)......................................................................*passim*

Fed. R. Civ. P. 12(e)..........................................................................3

Fed. R. Civ. P. 56............................................................................20

**INTRODUCTION**

This case is a constitutional challenge brought under 42 U.S.C. § 1983 by a group of medical providers who object to Virginia's so-called "certificate of need" program, which makes it illegal to purchase certain kinds of medical equipment or offer certain kinds of medical services without obtaining special permission from the state through an expensive and uncertain process. The district court granted a motion to dismiss the Complaint under Federal Rule of Civil Procedure 12(b)(6) in an opinion that (as explained in Plaintiffs-Appellants' opening brief) failed to apply either the proper standard of review or the correct substantive law. Because Defendants-Appellees ("Virginia") present neither a defense of the district court's opinion nor a sufficient alternative reason to uphold the decision below, the district court's order granting the motion to dismiss should be reversed and this case should be remanded for further proceedings.

**ARGUMENT**

In their opening brief, the Appellants (plaintiffs below) detailed the factual and legal errors that led the district court to dismiss the Complaint in this action under Rule 12(b)(6). For its part, Virginia appears to have essentially abandoned the specifics of the district court's opinion—which is not cited anywhere in the argument of its brief—and instead urges this Court to uphold the dismissal on alternative grounds. (*Cf.* Br. of Appellees at 21.)

1

But Virginia's new arguments fall prey to the same errors as the arguments offered in the district court. The government's brief on appeal is long on rhetoric and quotations about how much deference courts owe to the legislative branches. It is, however, vanishingly short on one thing: cases in which this Court (or any court) has allowed a case like this to be dismissed under Rule 12(b)(6) without the benefit of any fact record whatsoever.[1]

The heart of Virginia's error in this case (like the heart of the district court's error) lies in effectively assigning a heightened pleading standard to the Plaintiffs below. Rule 8 of the Federal Rules of Civil Procedure, however, controls here— the Complaint is required to contain only a short, plain statement of the basis for Plaintiffs' claim to relief. Virginia repeatedly attempts to skirt this requirement by faulting the Complaint's detail and level of specificity, but neither the Rules of Civil Procedure nor the precedents of the United States Supreme Court require any more than the Complaint in this action offers.

Virginia's legal arguments are not just procedurally mistaken, however: Its brief also makes fundamental substantive errors in explaining the caselaw governing both the dormant Commerce Clause and the Fourteenth Amendment

---

[1] Indeed, Virginia appears to cite only a single § 1983 case that was actually decided under Rule 12(b)(6): *Star Scientific*, *Inc. v. Beales*, 278 F.3d 339 (4th Cir. 2002), which the Plaintiffs distinguished at length in their opening brief. (*See* Br. of Appellants at 18-20.) Virginia's brief does not respond in any way to this argument, citing *Star Scientific* only once for the uncontroversial proposition that rational-basis plaintiffs bear a heavy burden. (Br. of Appellees at 48.)

claims in this case.  In short, Virginia's brief fails to defend the district court's

reasons for dismissing the Complaint, and it fails to introduce any valid new

reasons for doing so either.  For this reason, the district court's order granting the

Rule 12(b)(6) motion to dismiss should be reversed, and this case should be

remanded for further proceedings.

## I.    THIS COURT SHOULD REJECT VIRGINIA'S INVITATION TO IMPOSE A HEIGHTENED PLEADING STANDARD ON CONSTITUTIONAL CLAIMS.

As an initial matter, Virginia misunderstands the rules governing Complaints

in constitutional challenges like this one.  Its appellate brief is rife with objections

that the Complaint in this action is insufficient because it does not contain

sufficiently "specific" and "particularized allegations of fact."  (*See*, *e.g.*, Br. of

Appellees at 37, 41.)  But this case is governed by the ordinary requirements of

Rule 8:  Plaintiffs were required only to provide "a short and plain statement of the

claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a)(2).[2]

---

[2]  The Supreme Court has emphasized that all Rule 8 requires is to provide
defendants "fair notice of what the . . . claim is and the grounds upon which it
rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v.
Gibson*, 355 U.S. 41, 47 (1957)).  Even while clarifying that claims must be
plausible on their face, the Supreme Court reiterated that Rule 8 "does not require
'detailed factual allegations[.]'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)
(quoting *Twombly*, 550 U.S. at 555).  Indeed, the remedy for a Complaint that
lacks sufficiently detailed allegations is not a motion to dismiss under Rule
12(b)(6), but rather a motion for a more definite statement of a pleading under Rule
12(e).

And Plaintiffs have done exactly that.  The Complaint contains specific allegations regarding exactly how Virginia's certificate-of-need program works and exactly what its effects are.  These facts are straightforward, and they bear no resemblance to the kinds of allegations the Supreme Court has found insufficient in recent cases.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 683 (2009) (finding insufficient factual allegations to support bare assertion of intentional, invidious racial or religious discrimination); *Bell Atl.Corp. v. Twombly*, 550 U.S. 544, 551 (2007) (finding bare assertion of conspiracy insufficient to state a plausible antitrust claim).  Instead, the Complaint describes in plain language how Virginia's certificate-of-need requirement works and explains the consequences of that requirement for Plaintiffs and for interstate commerce.  (J.A. at 29-40.)  Virginia cannot escape these factual allegations by simply labeling them "conclusory." (*See*, *e.g.*, Br. of Appellees at 4, 19, 20, 32.)

In essence, Virginia asks this Court to impose a heightened pleading standard on constitutional claims like those involved in this case.  But the United States Supreme Court has repeatedly declined invitations to invent heightened standards like this.  *See*, *e.g.*, *Twombly*, 550 U.S. at 569 n.14 (2007) ("We do not apply a 'heightened' pleading standard, nor do we seek to broaden the scope of

[Rule] 9[.]");[3] *accord Jones v. Bock*, 549 U.S. 199, 212 (2007) (rejecting requirement that prisoners specifically plead exhaustion of administrative remedies); *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-15 (2002) (rejecting particularized pleading for employment-discrimination claims); *Leatherman v. Tarrant Cnty. Narcotics Intelligence and Coordination Unit*, 507 U.S. 163, 168 (1993) (rejecting particularized pleading in civil-rights cases alleging municipal liability under § 1983). Virginia's implicit request that this Court expand the particularity requirements of Rule 9 to cover this case should be similarly rejected.

To be sure, Virginia is right that a court reviewing a motion under Rule 12(b)(6) must proceed while "accept[ing] the truthfulness of all factual allegations, [but] not assuming the veracity of 'bare legal conclusions.'" (Br. of Appellees at 21 (citation omitted).) But this truism does not mean that Virginia can sidestep the *factual* allegations of the Complaint simply by labeling them "conclusory." The Complaint in this case does far more than simply assert that (for example) the certificate-of-need program violates the dormant Commerce Clause. Instead, it alleges facts. It is a fact (and must be taken as true) that there exists a vibrant interstate market in the medical devices Plaintiffs want to purchase. (J.A. at 43, ¶¶ 194-95.) It is a fact (and must be taken as true) that Virginia's certificate-of-

---

[3] Federal Rule of Civil Procedure 9(b) requires particularized allegations of fraud or mistake. Otherwise, Rule 8's simplified pleading standard applies to all civil actions.

need requirement imposes significant burdens on this market by making it more expensive and difficult (and sometimes impossible) to purchase this equipment in Virginia. (J.A. at 31-35, ¶¶ 117-38; J.A. at 43, ¶¶ 193-97.) It is a fact (and must be taken as true) that this program "does not actually achieve any legitimate local benefits." (J.A. at 44, ¶ 208.) These allegations are fatal to Virginia's position in this appeal. While the Plaintiffs will bear the burden to support all of them with evidence on remand, this Court cannot reject them at the motion-to-dismiss stage. That, alone, is grounds for reversing the district court's order and remanding this case for further proceedings.

## II. PLAINTIFFS ALLEGE PLAUSIBLE CLAIMS UNDER THE DORMANT COMMERCE CLAUSE.

The Complaint in this case supports a finding that Virginia's certificate-of-need program violates the dormant Commerce Clause because it both (1) unduly burdens interstate commerce in medical equipment and services and (2) discriminates against out-of-state businesses in favor of in-state businesses. (J.A. at 42-45, ¶¶ 190-211.) As explained in Plaintiffs-Appellants' opening brief, the district court's analysis of both of these claims misunderstood controlling precedent (Br. of Appellants at 20-33); Virginia's brief on appeal presents no other rationale that would justify affirmance.

**A.    Virginia's Explanation of *Pike* Balancing Cannot Be Squared with Controlling Precedent.**

The Complaint in this case alleges that Virginia's certificate-of-need program violates the dormant Commerce Clause because it creates a significant burden on the thriving interstate market in medical devices and services while creating no legitimate local benefits. *See Pike v. Bruce Church*, *Inc.*, 397 U.S. 137 (1970). As explained in Plaintiffs' opening brief, the district court dismissed this claim because it misapprehended the Supreme Court's *Pike* test in two ways: First, it only considered the burden on interstate commerce caused by keeping Plaintiffs (who, admittedly, make up only a tiny fraction of "interstate commerce") out of the Virginia market, rather than considering the overall burden Virginia imposes on interstate commerce. (Br. of Appellants at 23-26.) It then compounded this error by weighing those burdens against whether the law had a legitimate *purpose* instead of whether it produced any local *benefits*. (*Id*. at 26-28.)

On appeal, Virginia defends neither side of the district court's equation. Instead, it urges this Court to hold that the Complaint is insufficient because (1) its allegations of burden on interstate commerce are insufficiently particularized (Br. of Appellees at 37); or (2) the "local benefits" side of the *Pike* equation can be satisfied even where plaintiffs prove that no benefits exist. (*Id*. at 37-39.) Each of these alternative theories is incompatible with controlling precedent.

First, as explained in Part I above, neither Rule 8 nor the Supreme Court requires a Complaint to contain detailed and particularized allegations of fact to support a claim under *Pike*. But even if that were the law, the Complaint in this case alleges (in great detail) the manner in which Virginia's certificate-of-need program makes it more expensive to purchase affected medical equipment like CT scanners or MRI machines. (J.A. at 31-35, ¶¶ 117-138.) The Complaint also alleges, at the risk of stating the obvious, the existence of a substantial interstate market in medical devices. (*See*, *e.g.*, J.A. at 43, ¶ 194.) Appellants cannot escape from these allegations simply by labeling them "conclusory." Virginia, unlike most other states,[4] imposes special procedural requirements that make it more difficult and expensive to purchase this equipment in the interstate market. By any standard of ordinary language, that is a "burden" on interstate commerce.

And the Supreme Court's cases say that a law's burdens on interstate commerce must be weighed against the local benefits the law achieves. *See*, *e.g.*, *Dep't of Revenue of Ky. v. Davis*, 553 U.S. 328, 353 (2008). Virginia, for its part, says this inquiry is unimportant because, when it first articulated this test, the Supreme Court made reference to "*putative*" local benefits—which, in Virginia's

_____

[4] Virginia refers to its certificate-of-need laws as "commonplace restrictions, which currently obtain in 35 other States." (Br. of Appellees at 3.) This is incorrect. While many other states in the country have *some form of* medical certificate-of-need requirement, only a tiny handful apply that requirement to the kind of low-dollar equipment purchases at issue in this case. (*See* J.A. at 43, ¶ 196.)

view, means that local benefits may be conclusively presumed without affording the parties any opportunity to present record evidence about their existence.[5]

As an initial matter, however, if the word "putative" were actually meant to bear the kind of weight the State places upon it, the Supreme Court would presumably consistently stress that courts should weigh only "*putative* local benefits*" rather than simply "local benefits." It does not do so—and neither does this Court.[6]

Not only do courts fail to talk about the *Pike* test as if it embraces wholly imaginary local benefits, they fail to treat the test that way in practice. Even in the cases relied upon by Virginia (Br. of Appellees at 38-39), the Supreme Court conducted its *Pike* analysis with the benefit of a factual record. In *Department of*

---

[5] Virginia makes no mention of the more natural reading of this sentence, which is that the Court referred to "putative benefits" because it was referring to benefits the State claimed existed, rather than because the Court intended for the existence of those benefits to be conclusively presumed as a factual matter. *See Pike*, 397 U.S. at 142.

[6] *See, e.g., Dep't of Revenue of Ky. v. Davis*, 553 U.S. 328, 353 (2008) ("even nondiscriminatory burdens on commerce may be struck down on a showing that those burdens clearly outweigh the benefits of a state or local practice."); *Fort Gratiot Sanitary Landfill, Inc. v. Mich. Dep't of Natural Res.*, 504 U.S. 353, 361 (1992) (noting challenged statute could be upheld if "burden on interstate commerce is not clearly excessive in relation to the local benefits" and striking down law as discriminatory); *Brown-Forman Distillers Corp. v. N.Y. State Liquor Auth.*, 476 U.S. 573, 579 (1986) (describing the inquiry as simply "whether the burden on interstate commerce clearly exceeds the local benefits"); *Carolina Trucks & Equip., Inc. v. Volvo Trucks of N. Am., Inc.*, 492 F.3d 484, 492 (4th Cir. 2007) (describing the inquiry into whether the "burden on interstate commerce clearly exceeds the local benefits" (quoting *Brown-Forman Distillers Corp.*, 476 U.S. at 579)).

*Revenue of Kentucky v. Davis* (which was decided on summary judgment), the

Supreme Court pronounced itself "convince[d]" by "the current record and

scholarly material" that it would be impossible for the plaintiffs to carry their *Pike*

burden.  553 U.S. at 353.  In *United Haulers Ass'n v. Oneida-Herkimer Solid*

*Waste Management Authority* (also decided on summary judgment), the Supreme

Court rejected a *Pike* argument on the grounds that the lower found had found

"after protracted discovery" that the plaintiffs had not shown "*any* cognizable

burden on interstate commerce."  550 U.S. 330, 337 (2007).  And in *Northwest*

*Central Pipeline Corp. v. State Corporation Commission* (which was a review of

an administrative proceeding), the Supreme Court approvingly pointed to the

Kansas Supreme Court's holding that assumptions about the benefits of the

challenged rule were "supported by evidence in the record."  489 U.S. 493, 525

(1989).  Indeed, *Pike* itself was decided upon agreed facts, including facts about

the practical effects of the challenged law.  397 U.S. at 140.

This Court, like the Supreme Court, also looks at evidence rather than

simple assertions when conducting *Pike* analysis.  In *Yamaha Motor Corp. v. Jim's*

*Motorcycle*, *Inc.*, for example, this Court expressly rejected the State of Virginia's

assertion that a statute's benefits could merely be presumed based on its stated

purpose.  401 F.3d 560, 570 (4th Cir. 2005); *accord Medigen of Ky. v. Pub. Serv.*

10

*Comm'n*, 985 F.2d 164, 167 (4th Cir. 1993) (finding that purported "ruinous effects of competition" were entirely too speculative).

If Virginia's position were right and a law could survive *Pike* balancing even if a court accepts as true the complete nonexistence of any local benefits (as this Court must do in the context of this motion to dismiss), one would expect Virginia to provide citations to cases in which courts decide exactly that. Instead, we see the opposite: courts, again and again, conducting a deferential but meaningful inquiry under *Pike* with the benefit of a full factual record.

The error at the heart of the State's explication of the *Pike* test is the same error found throughout its brief: It mistakes deference for absence, and it equates words like "frequently" or "rarely" with "always" and "never." It is, of course, true that "State laws frequently survive this *Pike* scrutiny" (Br. of Appellees at 38 (quoting *Davis*, 553 U.S. at 339)), just as it is true that courts have "[o]nly rarely . . . doubted a statute's putative benefits." (Br. of Appellees at 38 (quoting *Yamaha Motor Corp.*, 401 F.3d at 570).) But that does not mean that laws always survive *Pike* scrutiny or that courts never doubt a statute's putative benefits—and it certainly does not mean courts conduct their analysis in a factual vacuum.

The necessity of a fact record—that is, the difficulty of deciding this claim under Rule 12(b)(6)—is perhaps best illustrated by Virginia's assertion that Plaintiffs' *Pike* claim must fail because "Plaintiffs have not offered any less-

11

restrictive alternative that serves Virginia's end." (Br. of Appellees at 45.) But—taking the allegations of the Complaint as true—this Court must presume that the certificate-of-need program itself does not effectively serve Virginia's legitimate ends.[7]  Instead, it accomplishes nothing. And Virginia, therefore, could achieve the same result by *doing* nothing: by lifting the expensive restrictions on purchasing medical equipment and providing medical services, and treating these purchases the way states like Texas or California do. Perhaps the record at summary judgment will reveal that there is some reason to believe the program achieves some legitimate end, and at that point the parties could quite reasonably argue about less-restrictive alternatives. But at the motion-to-dismiss stage this is impossible. Because the Complaint's allegations, taken as true, plainly constitute a violation of the Commerce Clause under *Pike* balancing, the district court's opinion must be reversed.

### B.    The Certificate-of-Need Program Benefits Established In-State Businesses at the Expense of Out-of-State Businesses.

Even apart from arguments about *Pike* balancing, however, the Complaint in this case contains more than sufficient allegations to support the conclusion that Virginia's certificate-of-need requirements unconstitutionally discriminate in favor of in-state businesses at the expense of out-of-state businesses.

---

[7]  *E.g.*, J.A. at 44, ¶ 208 ("Virginia's certificate-of-need requirement does not actually achieve any local benefits.")

To begin with, the law bestows huge advantages on entities that are already established in the state.  For instance, no certificate is needed to purchase equipment replacing existing equipment, even if the existing equipment is underused or fails to meet the other criteria for granting a new certificate.  Va. Code Ann. § 32.1-102.1.  And, as discussed at length in Appellants' opening brief, the certificate-of-need program allows established businesses to effectively control the length and (to a lesser extent) the outcome of a new entrant's application for a certificate of need.  (Br. of Appellants at 30-31.)

Imagine, then, two healthcare providers:  VirginiaHealth (which is an established in-state business) and MarylandHealth (which is an out-of-state business looking to expand into Virginia), each of which wants to purchase a new MRI machine to serve Virginians.  If VirginiaHealth wants to buy an additional MRI machine, it must of course seek a certificate of need.[8]  But if MarylandHealth wants to buy an MRI machine, it will also need a certificate of need—*and*, in deciding whether to apply for a certificate, it will have to face one barrier that

---

[8]  Of course, if VirginiaHealth already owns an MRI machine but wants to upgrade to a new or better model, it does not need a certificate.

VirginiaHealth does not:  VirginiaHealth's objection to its application, which increases the application's costs and reduces its chances of success.[9]

The question in determining whether this law effectively discriminates against interstate commerce is, as the Supreme Court has said again and again, an essentially practical one.  In *American Trucking Associations v. Scheiner*, for example, the Court was faced with a Pennsylvania law that imposed a flat annual fee on trucks and truck tractors using its roads.  483 U.S. 266, 269 (1987).  While facially neutral, the Court found that, as a practical matter, the fee discriminated against interstate commerce because the effective per-mile charge for out-of-state trucks was much higher than the per-mile charge for in-state trucks (which paid the fee as part of their initial vehicle registration).  *Id.* at 276-77.[10]  (*See also* Br. of Appellants at 35 (discussing practical nature of the Commerce Clause inquiry).)

---

[9]  It is worth noting that MarylandHealth will always be at a disadvantage no matter how many local healthcare services already exist in this scenario.  If VirginiaHealth is a local monopolist, it can apply without needing to fear any objection from its competitors, while MarylandHealth would still need to worry about at least one objection.  If there are two existing providers in the area, VirginiaHealth only needs to worry about one objector intervening, while MarylandHealth needs to worry about two.  And so on.

[10]  *Scheiner* is also instructive here in that it based its analysis in part on its conclusion that, if every state in the country passed a similar flat fee, "there is no conceivable doubt that commerce among the states would be deterred."  *Id.* at 284.  Similarly, here, if every state passed a law that allowed all existing facilities to replace or upgrade their equipment freely, but imposed major barriers to any new facility seeking to purchase equipment, there is little doubt that commerce among the states would be significantly deterred.

The Plaintiffs position below (and in this appeal) is that, as a practical matter, the challenged law's heavy favoritism towards established Virginia facilities can reasonably be expected to result in negative consequences for non-Virginia businesses (and benefits for Virginia businesses). Virginia's position, by contrast, seems to be "Maybe it doesn't." Perhaps in practice, Virginia suggests, it turns out that in-state applicants are likely to draw just as many objectors as out-of-state applicants. Or perhaps in practice, most of the in-state facilities holding existing certificates of need are actually held by out-of-state businesses. (*See* Br. of Appellees at 31.)

Ultimately, however, this argument boils down to a request that this Court accept these hypotheses as true. The Complaint clearly alleges that local facilities are deliberately protected from competition by the certificate-of-need requirement, and it clearly alleges that these local facilities are given advantages in the certificate-of-need application process.[11] At most, the arguments advanced by Virginia on appeal show that it is *conceivable* (if unlikely) that this favoritism does not result in protectionism for local medical businesses. But Virginia's burden here is not to show that the absence of protectionism is conceivable, but rather that

---

[11] Effectively, Plaintiffs have asked the Court to make the reasonable inference that Virginia-based facilities are actually based in Virginia. And the information required to rebut the inference that favoritism toward Virginia facilities actually benefits Virginians—such as the identities of existing certificate-of-need holders and the identities of objectors in certificate-of-need applications—is, of course, contained in records maintained by Virginia, not Plaintiffs.

any contrary belief is *unreasonable*.  It has failed to do (or even attempt) this.  *See*, *e.g.*, *Tobey v. Jones*, 706 F.3d 379, 383 (4th Cir. 2013) (noting that all reasonable inferences must be drawn in favor of the plaintiff in a 12(b)(6) motion); *cf. W. Lynn Creamery v. Healy*, 512 U.S. 186, 205 (1994) ("Preservation of local industry by protecting it from the rigors of interstate competition is the hallmark of the economic protectionism that the Commerce Clause prohibits.").

To be clear, Plaintiffs' claim here is not that all certificate-of-need programs, in all circumstances, have the practical effect of discriminating against interstate commerce—it is that *this* program in *this* context does so.  When courts conduct this kind of practical, fact-specific inquiry, they do so with a full record, not simply allegations.  *Compare Walgreen Co. v. Rullan*, 405 F.3d 50, 52, 54 (1st Cir. 2005) (striking down certificate-of-need requirement on Commerce Clause grounds based on stipulated record of "affidavits, depositions, and exhibits") *with Fresenius Med. Care Holdings, Inc. v. Tucker*, 704 F.3d 935, 939, 943 (11th Cir. 2013) (finding based on summary-judgment record that Florida's certificate-of-need requirement did not have the practical effect of discriminating against interstate commerce).  For this reason, the district court's order granting the motion to dismiss the Complaint's Commerce Clause claims should be overturned, and this case should be remanded for further proceedings.

16

III. **PLAINTIFFS STATE PLAUSIBLE RATIONAL-BASIS CLAIMS UNDER THE FOURTEENTH AMENDMENT.**

The Complaint in this case also provides sufficient factual support for Plaintiffs' claims under the Fourteenth Amendment. But again, Virginia urges this Court to race past the 12(b)(6) stage and make factual conclusions in its favor, either by concluding as a matter of fact that Plaintiffs are not similarly situated to people who do "technically similar" kinds of imaging or because rational-basis claims under the Fourteenth Amendment do not allow for fact records. Neither argument can be sustained.

A. **Virginia's Brief Simply Asserts That Plaintiffs Are Not Similarly Situated to People Engaged in "Nuclear Cardiac Imaging."**

The Complaint below properly pled that Virginia's certificate-of-need requirement violates the Equal Protection Clause because Plaintiffs, who want to provide imaging services using CT scanners or MRI machines, are subject to its requirements, while similarly situated imaging services (like nuclear cardiac imaging) are not. (J.A. at 30, ¶¶ 109-111.) In support of the district court's dismissal of this claim, Virginia devotes three full pages of its brief to reciting *dicta* about how deferential courts are in evaluating Equal Protection claims. (Br. of Appellees at 51-54.) Only then does it come to its actual argument in this case: its bare assertion that Plaintiffs are not similarly situated to people engaged in nuclear cardiac imaging (even though their activities are "perhaps technically

17

similar") because they "obviously fill[] a different medical need" and "operate[] in a different market."  (Br. of Appellees at 54.)

As Appellants noted in their opening brief, the problem with this argument is that whether two entities are similarly situated is a classic question of *fact* resolved on the basis of record evidence at trial or summary judgment.[12]  Virginia's brief does not mention this argument at all, and it provides this Court with no guidance for how it should make this factual determination in the context of a Rule 12(b)(6) motion.  The Complaint alleges that these two kinds of imaging are similarly situated.  (J.A. at 30, ¶ 111.)  Even if a factual record might eventually show otherwise, there is nothing in the Complaint to suggest that this is anything but true, and Virginia cannot establish contrary facts at this stage of the proceedings on the strength of its own assertions.

### B.      Rational-Basis Plaintiffs Are Allowed To Adduce Evidence.

Finally, Virginia's remaining rational-basis arguments urge this Court to simply skip past the ordinary processes of litigation and decide, as a matter of fact, that the state's certificate-of-need policies are all rational and beyond constitutional challenge.  Virginia urges a rule of law under which, as long as it can articulate a

---

[12]   *See* Br. of Appellants at 42 (citing *Willis v. Town of Marshall*, 426 F.3d 251, 263-64 (4th Cir. 2005) (reversing summary judgment because existence of others similarly situated to plaintiff was a question of fact)); *see also*, *e.g.*, *Loesel v. City of Frankenmuth*, 692 F.3d 452, 463 (6th Cir. 2012) ("[D]etermining whether individuals are similarly situated is generally a factual issue for the jury." (internal quotation marks and citation omitted)).

18

possible rational basis for its actions, a plaintiff gets no opportunity to challenge that rational basis with evidence.

This position, however, cannot be squared with how courts actually treat the rational-basis test. Indeed, it cannot be squared with how courts *talk* about the rational-basis test. It would make no sense to say that a plaintiff has the burden to "negative every conceivable basis which might support"[13] a challenged law if that plaintiff then gets no opportunity to present evidence to carry that burden. To be sure, the rational-basis test is deferential, and a plaintiff's burden to negate every conceivable rational basis for a law is high—but that does not change the fact that a plaintiff has a right to introduce evidence to *meet* that high burden.

Indeed, even as Virginia argues that Plaintiffs are not entitled to adduce any evidence, it relies on cases in which the plaintiffs got exactly that opportunity. *Fresenius Medical Care Holdings*, *Inc. v. Tucker*, 704 F.3d 935 (11th Cir. 2013), which the State holds up as "similar" (Br. of Appellees at 50) was decided on summary judgment; *Armour v. City of Indianapolis*, 132 S. Ct. 2073 (2012) (cited by Br. of Appellees at 48) was as well. Virginia's brief asserts, without citation, that rational-basis plaintiffs like the ones in this case are not entitled to "a full-dress trial, replete with expert testimony, charts, graphs, and the like." (Br. of Appellees at 50.) This is incorrect: Needless to say, the number of rational-basis

---

[13]  *Armour v. City of Indianapolis*, 132 S. Ct. 2073, 2082 (2012) (internal quotation marks and citation omitted).

19

cases involving testimony from experts—some of whom may have used charts or graphs—is legion. *See*, *e.g.*, *Plyler v. Doe*, 457 U.S. 202, 207 n.4 (1982) (discussing "Plaintiffs' expert, Dr. Gilbert Cardenas"); *Minnesota v. Clover Leaf Creamery*, 449 U.S. 456, 469 (1981) (discussing conflict between expert testimony and other empirical evidence); *N.Y.C. Transit Auth. v. Beazer*, 440 U.S. 568, 608 n.14 (1979) (White, J., dissenting) (noting the testimony of "[a] number of expert witnesses" in the court below); *St. Joseph Abbey v. Castille*, 835 F. Supp. 2d 149, 155 (E.D. La. 2011), *aff'd*, No. 11-30756, 2013 U.S. App. LEXIS 5701 (5th Cir. Mar. 20, 2013) (discussing testimony from "expert on the economics of national funeral markets and the national market for third party casket sales"). Virginia does not attempt to square its "no trials, no experts" theory with these cases. Instead, it simply ignores them.

In any event, the procedural mechanism for deciding whether the Plaintiffs have adduced enough evidence to warrant a "full-dress trial" is Rule 56, not Rule 12. Plaintiffs will be required to introduce evidence carrying their burden and disproving Virginia's rationales for its certificate-of-need requirements—but that evidence is not yet before this Court. As explained at length in Plaintiffs' opening brief, courts decide rational-basis claims like these on the basis of a factual record. (Br. of Appellants at 36-52.) Virginia has presented no reason why this Court should not do the same here.

## <u>CONCLUSION</u>

For the foregoing reasons, Plaintiffs respectfully request that this Court reverse the district court's dismissal of their Complaint and remand the case for further proceedings.

Respectfully submitted

/s/  Robert J. McNamara
**INSTITUTE FOR JUSTICE**
William H. Mellor (DC Bar No. 462072)
Robert J. McNamara (VA Bar No. 73208)
Darpana M. Sheth (NY Bar No. 4287918)
Lawrence Salzman (CA Bar No. 224727)
901 North Glebe Road, Suite 900
Arlington, VA 22203
Tel:  (703) 682-9320
Fax:  (703) 682-9321
E-mail:  wmellor@ij.org;
rmcnamara@ij.org; dsheth@ij.org;
lsalzman@ij.org

*Attorneys for Appellants*

## <u>CERTIFICATE OF COMPLIANCE</u>

1.      This brief complies with the type-volume limitation of Fed. R. App. P. 28.1(e)(2) or 32(a)(7)(B) because:

[ X ] this brief contains [*5,084*] words, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii), *or*

[     ] this brief uses a monospaced typeface and contains [*state the number of*] lines of text, excluding the parts of the brief exempted by Fed. R. App. P. 32(a)(7)(B)(iii).

2.      This brief complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and the type-style requirements of Fed. R. App. P. 32(a)(6) because:

[ X ] this brief has been prepared in a proportionally spaced typeface using [*Microsoft Word 2010*] in [*14pt Times New Roman*]; *or*

[     ] this brief has been prepared in a monospaced typeface using [*state name and version of word processing program*] with [*state number of characters per inch and name of type style*].

Dated:  <u>April 15, 2013  </u>                    <u>/s/ Robert J. McNamara      </u>
                                                                    *Counsel for Appellants*

## <u>CERTIFICATE OF FILING AND SERVICE</u>

I hereby certify that on this 15th day of April, 2013, I caused this Reply

Brief of Appellants to be filed electronically with the Clerk of the Court using the

CM/ECF System, which will send notice of such filing to the following registered

CM/ECF users:

E. Duncan Getchell, Jr.                        Michael H. Brady
SOLICITOR GENERAL OF VIRGINIA       OFFICE OF THE ATTORNEY GENERAL
  OFFICE OF THE ATTORNEY GENERAL     900 East Main Street
900 East Main Street                           Richmond, Virginia  23219
Richmond, Virginia  23219                    (804) 786-3518
(804) 786-7240

*Counsel for Defendants – Appellees*

I further certify that on this 15th day of April, 2013, I caused the required

copies of the Reply Brief of Appellants to be hand filed with the Clerk of the

Court.

/s/ Robert J. McNamara
*Counsel for Appellants*